ANTHONY E. PAGKAS, State Bar No. 186112
CHRISTOPHER J. D'ANJOU, State Bar No. 234299
THE LAW OFFICE OF ANTHONY E. PAGKAS
75 E. Santa Clara, Suite 1210
San Jose, CA 95113
Telephone: (408) 291-5401
Fax: (408) 291-5302

Attorneys for Plaintiffs

MICHAEL DODSON,
OFFICE OF THE CITY ATTORNEY, SAN JOSE
200 E. Santa Clara St., 16th Floor
San Jose, CA 95113

Attorneys for Defendants

# UNITED STATES DISTRICT COURT
## IN AND FOR THE NORTHERN DISTRICT OF CALIFORNIA
### SAN JOSE DIVISION

| | |
|---|---|
| CHRISTOPHER HINMAN, CAROLE MIRRASOUL,<br><br>Plaintiffs,<br><br>vs.<br><br>SAN JOSE POLICE OFFICER C. PROFT (BADGE NO. 2966), SAN JOSE POLICE OFFICER ARCHER (BADGE NO. 3096), SAN JOSE POLICE OFFICER D'ARRIGO (BADGE NO. 3139), SAN JOSE POLICE OFFICER STRUNK (BADGE NO. 2626), SAN JOSE POLICE SERGEANT KNIEVES (BADGE NO. 3144), SAN JOSE POLICE DEPARTMENT, CITY OF SAN JOSE, AND DOES 1-200<br><br>Defendants. | Case No. 07CV3862<br><br>**JOINT CASE MANAGEMENT STATEMENT AND PROPOSED SCHEDULING ORDER**<br><br>Date: December 14, 2007<br>Time: 10:30 a.m.<br>Dept.: Courtroom 3<br>Judge: Hon. Jeremy Fogel |

Pursuant to Civil Local Rule 16-9, the parties to the above-entitled action hereby jointly submit this Case Management Conference Statement and Proposed Order and request the Court to adopt it as its Case Management Order in this matter.

**A.     DESCRIPTION OF THE CASE**

    **1.     A Brief Description of the Events Underlying the Action.**

This action alleges violations of the Federal Civil Rights Act (42 U.S.C. §1983) as well

as state law claims for assault and battery, negligence, negligent supervision and training, and negligent infliction of emotional distress arising from the alleged use excessive use of force on plaintiff HINMAN, including but not limited to the use of a TASER by the Defendants on plaintiff's person.  Defendants deny these allegations

Plaintiff's claims arise out of a request by plaintiff MIRRASOUL for a CIT (Crisis Intervention Team)officer  to assist in getting her son HINMAN safely transported to EPS.  Plaintiff HINMAN was met in his home by several San Jose Police Officers who were not part of CIT.  HINMAN was detained by the defendant Officers and told he was going to jail and would get hurt if he tried to fight the officers.  Plaintiff alleges during the times that he was detained, he was placed in a carotid restraint, thrown to the ground, kicked in the ribs and "tased" by the defendant officers.  Plaintiffs allege that defendants use of force during said detention was excessive and unreasonable under the circumstances.  Defendants deny these allegations and contend that any use of force on the plaintiff HINMAN by the defendant officers was reasonable under the circumstances.

**2.     The Principal Factual Issues Which the Parties Dispute.**

(a) Whether one or more defendant police officers used excessive force in any way.

(b) The sufficiency of the training of officers of the San Jose Police Department as it pertains to the use of force and whether said training amounts to deliberate indifference by the named defendants ("Monell claim").

(c) The conduct of the individual defendants during the subject event.

(d) The conduct of the plaintiffs in relation to the events in question.

(e) The existence, cause and extent of plaintiffs' claimed damages.

**3.     The Principle Legal Issues Which the Parties Dispute.**

(a) The existence of and extent of qualified immunity or "good faith immunity" of the individual defendants.

(b) The existence and extent of immunity of the defendants under California

Government Code Sections 810 through 996.6.

    (c)    The existence and extent of immunity of the defendant police officers under California Penal Code sections 836.5(a) and 836.5(b).

    (d)    Whether the defendant police officers acted in violation of the plaintiff's rights under 42 U.S.C. §1983.

    (e)    Whether plaintiff's Fourth Amendment or other constitutional rights were violated by the defendants.

    (f)    Whether the defendant City of San Jose is liable under a Monell claim.

**4.    Other Factual Issues (e.g. Service of Process, Personal Jurisdiction, Subject Matter Jurisdiction or venue) which remain unresolved for the reason stated below and how the parties propose to resolve the issues.**

None.

**5.    The Parties Which have not been served and the reasons.**

None.

**6.    The additional parties which the below-specified parties intend to join and intended timeframe for such joined.**

None at this time.

**7.    Alternative Dispute Resolution.**

The parties will file a stipulation for the use of Early Neutral Evaluation prior to the Case Management Conference.

**8.    Disclosures**

The parties agree that they will exchange their Rule 26 disclosures on or before December 21, 2007.

**9.    Discovery**

The parties agree to the following discovery plan.

    (a)    On or before **August 31, 2008**, all non-expert discovery shall be completed by the parties. Any discovery requests pursuant to Rule 33-36 and 45 of the F.R.Civ. shall be served far enough in advance so that

responses to written discovery, shall be due, as provided in the Rules, no later than the discovery completion date.  All depositions shall be concluded by the discovery completion date, unless the parties stipulate otherwise and the Court approves said stipulation.

 (b)  <u>EXPERT WITNESSES.</u>  The disclosure and discovery of expert witness opinions shall proceed as follows:

  1.  On or before **October 3, 2008**, plaintiff shall disclose expert testimony and reports in accordance with Rule 26(a)(2), F.R.Civ.P.

  2.  On or before **October 17, 2008**, defendant shall disclose expert testimony and reports in accordance with Rule 26(a)(2), F.R.Civ.P.

  3.  On or before **December 5, 2008**, all discovery of expert witnesses pursuant to Rule 26(b)(4), F.R.Civ.P shall be completed.

 (c)  <u>PRETRIAL MOTIONS</u>.  All pretrial motions must be filed and served pursuant to Local Rule 7.  All pretrial motions shall be **heard** no later than **February 6, 2009**

 (d)  <u>PRETRIAL STATEMENTS.</u>  At a time convenient to both, counsel shall meet and confer to discuss preparation of a joint pretrial statement.

 (e)  <u>PRETRIAL CONFERENCE</u>.  The final pretrial conference to be scheduled in or around **March, 2009**, depending on the schedule of the court.  Each party or lead counsel who will try the case shall attend personally.  Trial counsel shall be prepared to discuss all aspects of the suit and trial, including settlement.

**10. Trial**

 (a)  <u>TRIAL DATE</u>.  The trial date shall be in or around spring 2009, depending on the court's schedule**.**   The trial will be a jury trial.

4

Dated: December 7, 2007

                          SAN JOSE CITY ATTORNEY

                          _____/s/_____

                          Michael Dodson
                          Attorneys for Defendants

Dated: December 7, 2007

                          THE LAW OFFICE OF ANTHONY E. PAGKAS

                          _____/s/_____

                          Christopher J. D'Anjou
                          Attorneys for Plaintiff