1 | ANTHONY E. PAGKAS, State Bar No. 186112
CHRISTOPHER J. D'ANJOU, State Bar No. 234299
2 | THE LAW OFFICE OF ANTHONY E. PAGKAS
75 E. Santa Clara, Suite 1210
3 | San Jose, CA 95113
Telephone: (408) 291-5401
4 | Fax: (408) 291-5302

5 | Attorneys for Plaintiffs

6 | MICHAEL DODSON, State Bar No.
OFFICE OF THE CITY ATTORNEY, SAN JOSE
7 | 200 E. Santa Clara St., 16th Floor
San Jose, CA 95113
8 |
Attorneys for Defendants
9 |

10 | **UNITED STATES DISTRICT COURT**
**IN AND FOR THE NORTHERN DISTRICT OF CALIFORNIA**
11 | **SAN JOSE DIVISION**

12 | CHRISTOPHER HINMAN, CAROLE    Case No. 07CV3862 JF
MIRRASOUL,
13 |
              Plaintiffs,    **JOINT CASE MANAGEMENT**
14 |                          **STATEMENT**
vs.
15 |                          Date: March 14, 2008
                             Time: 10:30 a.m.
16 | SAN JOSE POLICE OFFICER C. PROFT    Dept.: Courtroom 3
(BADGE NO. 2966), SAN JOSE POLICE    Judge: Hon. Jeremy Fogel
17 | OFFICER ARCHER (BADGE NO. 3096),
SAN JOSE POLICE OFFICER D'ARRIGO
18 | (BADGE NO. 3139), SAN JOSE POLICE
OFFICER STRUNK (BADGE NO. 2626),
19 | SAN JOSE POLICE SERGEANT KNIEVES
(BADGE NO. 3144), SAN JOSE POLICE
20 | DEPARTMENT, CITY OF SAN JOSE, AND
DOES 1-200
21 |
              Defendants.
22 |

23 |         Pursuant to Civil Local Rule 16-9, the parties to the above-entitled action hereby jointly

24 | submit this Case Management Conference Statement.

25 | 1.    **Jurisdiction and Service:** This action alleges violations of the Federal Civil Rights Act

26 |       (42 U.S.C. §1983) as well as state law claims for assault and battery, negligence,

27 |       negligent supervision and training,  and negligent infliction of emotional distress arising

28 |       from the alleged use excessive use of force on plaintiff HINMAN, including but not

1

JOINT CMC STATEMENT                                        Case No. 07CV3862 JF

1  limited to the use of a TASER by the Defendants on plaintiff's person.  Defendants deny

2  these allegations.  Accordingly, the court has jurisdiction over the claims pursuant to 28

3  U.S.C. §1331.  Furthermore, the court has jurisdiction over the state law claims pursuant

4  to 28 U.S.C. §1367.

5  2.    **Facts:**  Plaintiff's claims arise out of a request by plaintiff MIRRASOUL for a CIT

6  (Crisis Intervention Team) officer  to assist in getting her son HINMAN safely

7  transported to EPS.  Plaintiff HINMAN was met in his home by several San Jose Police

8  Officers who were not part of CIT.  HINMAN was detained by the defendant Officers and

9  told he was going to jail and would get hurt if he tried to fight the officers.  Plaintiff

10  alleges during the times that he was detained, he was placed in a carotid restraint, thrown

11  to the ground, kicked in the ribs and "tased" by the defendant officers.  Plaintiffs allege

12  that defendants use of force during said detention was excessive and unreasonable under

13  the circumstances.  Defendants deny these allegations and contend that any use of force

14  on the plaintiff HINMAN by the defendant officers was reasonable under the

15  circumstances.

16  3.    **Legal Issues (Principal Factual/Legal Issues In Dispute):**

17        a.    **Principal Factual Issues Which the Parties Dispute.**

18              i.    Whether one or more defendant police officers used excessive force in any

19                    way.

20              ii.   The sufficiency of the training of officers of the San Jose Police

21                    Department as it pertains to the use of force and whether said training

22                    amounts to deliberate indifference by the named defendants ("<u>Monell</u>

23                    claim").

24              iii.  The conduct of the individual defendants during the subject event.

25              iv.   The conduct of the plaintiffs in relation to the events in question.

26              v.    The existence, cause and extent of plaintiffs' claimed damages.

27        b.    **The Principle Legal Issues Which the Parties Dispute.**

28              i.    The existence of and extent of qualified immunity or "good faith

2

immunity" of the individual defendants.

    ii.    The existence and extent of immunity of the defendants under California Government Code Sections 810 through 996.6.

    iii.    The existence and extent of immunity of the defendant police officers under California Penal Code sections 836.5(a) and 836.5(b).

    iv.    Whether the defendant police officers acted in violation of the plaintiff's rights under 42 U.S.C. §1983.

    v.    Whether plaintiff's Fourth Amendment or other constitutional rights were violated by the defendants.

    vi.    Whether the defendant City of San Jose is liable under a <u>Monell</u> claim.

4.   **Motions**: No prior or pending motions.  Depending on information obtained from discovery, defendants may file a Motion For Summary Judgment at a later time.

5.   **Amendment of Pleadings**: The parties do not expect any parties, claims or defenses to be added or dismissed at this particular time.

6.   **Evidence Preservation**: Plaintiffs took digital photographs of plaintiffs' claimed injuries at or near the time of the incident and has preserved them.  The parties certify that they have taken active measures to preserve evidence relevant to the issues of the matter.

7.   **Disclosures**:  The parties certify that they will have exchanged their Rule 26 disclosures prior to the Case Management Conference.

8.   **Discovery**: The defendants have taken the deposition of plaintiff Christopher Hinman. The parties are actively working to schedule the depositions of plaintiff Caroule Mirrasoul, non-party percipient witnesses and defendant officers.  The parties provided the following discovery plan in its previous case management statement:

    a.    On or before **July 11, 2008**, all non-expert discovery shall be completed by the parties.  Any discovery requests pursuant to Rule 33-36 and 45 of the F.R.Civ. P. ll be served far enough in advance so that responses to written discovery, shall be due, as provided in the Rules, no later than the discovery completion date.  All depositions shall be concluded by the discovery completion date, unless the

3

parties stipulate otherwise and the Court approves said stipulation.

b.  <u>EXPERT WITNESSES.</u>  The disclosure and discovery of expert witness opinions shall proceed as follows:

    i.    On or before **August 1, 2008**, plaintiff shall disclose expert testimony and reports in accordance with Rule 26(a)(2), F.R.Civ.P.

    ii.    On or before **August 15, 2008**, defendant shall disclose expert testimony and reports in accordance with Rule 26(a)(2), F.R.Civ.P.

    iii.    On or before **October 3, 2008**, all discovery of expert witnesses pursuant to Rule 26(b)(4), F.R.Civ.P shall be completed.

c.  <u>PRETRIAL MOTIONS.</u>  All pretrial motions must be filed and served pursuant to Local Rule 7.  All pretrial motions shall be **heard** no later than **December 12, 2008**.

d.  <u>PRETRIAL STATEMENTS.</u>  At a time convenient to both, counsel shall meet and confer to discuss preparation of a joint pretrial statement.

e.  <u>PRETRIAL CONFERENCE.</u>  The final pretrial conference to be scheduled in or around **January, 2009**, depending on the schedule of the court.   Each party or lead counsel who will try the case shall attend personally.  Trial counsel shall be prepared to discuss all aspects of the suit and trial, including settlement.

f.  <u>TRIAL DATE.</u>  The trial date shall be in or around early 2009, depending on the court's schedule**.**   The trial will be a jury trial.

9.  **Class Actions:** N/A

10.  **Related Cases**: There are no known related cases or proceedings.

11.  **Relief**: Plaintiff is seeking money damages for physical injuries including but not limited to a broken jaw and severe bruising, emotional distress and trauma and mental anguish and related medical costs.  Special Damages will be shown according to proof.  Plaintiff is also seeking damages for Pain and suffering, as well as emotional distress and mental anguish, which will be shown according to proof.

4

12.    **Settlement and ADR**: The parties have entered into a stipulation for Early Neutral Evaluation.  The parties spoke with the ENE evaluator by conference call on February 27, 2008.  The parties scheduled the ENE on May 14, 2008 at 10:00 a.m.

13.    **Consent to Magistrate Judge For All Purposes**: The defendants declined to proceed before a magistrate judge.  The parties have no objection to proceed before a magistrate judge for resolution of any discovery disputes.

14.    **Other References:** N/A

15.    **Narrowing of Issues:** As information becomes available through discovery, the parties will meet and confer to consider stipulations and other available sources to expedite the presentation of evidence.

16.    **Expedited Schedule**: Due to the factually intensive nature of the claims in this matter, it is unlikely that this matter can be handled on an expedited basis.  Furthermore, the parties have other matters that would make it unlikely that this case could proceed on an expedited basis.

17.    **Scheduling**: See Discovery Schedule (8), above.

18.    **Trial**: The parties are requesting a jury trial.  The anticipated length of trial is approximately 5-7 days.

19.    **Disclosure of Non-party Interested Entities or Persons**: Plaintiffs have not filed a "Certifications of Interested Entities or Persons," and will do so before the Case Management Conference.  Although plaintiffs do not have information providing such at this time, they expect that Kaiser Permanente will have a financial interest in the outcome of the proceedings.

1    Dated: March 7, 2008

2                                                SAN JOSE CITY ATTORNEY

3

4                                                /S/ Michael Dodson

5                                                _____
                                                 Michael Dodson
                                                 Attorneys for Defendants
6
      Dated: March 7, 2008
7                                                THE LAW OFFICE OF ANTHONY E. PAGKAS

8
                                                 /S/ Christopher J. D'Anjou
9
                                                 _____
10                                               Christopher J. D'Anjou
                                                 Attorneys for Plaintiffs

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28