ANTHONY E. PAGKAS, State Bar No. 186112
CHRISTOPHER J. D'ANJOU, State Bar No. 234299
THE LAW OFFICE OF ANTHONY E. PAGKAS
75 E. Santa Clara, Suite 1210
San Jose, CA 95113
Telephone: (408) 291-5401
Fax: (408) 291-5302

Attorneys for Plaintiffs

MICHAEL DODSON, State Bar No.
OFFICE OF THE CITY ATTORNEY, SAN JOSE
200 E. Santa Clara St., 16th Floor
San Jose, CA 95113

Attorneys for Defendants

# UNITED STATES DISTRICT COURT
## IN AND FOR THE NORTHERN DISTRICT OF CALIFORNIA
### SAN JOSE DIVISION

| | |
|---|---|
| CHRISTOPHER HINMAN, CAROLE MIRRASOUL,<br><br>Plaintiffs,<br><br>vs.<br><br>SAN JOSE POLICE OFFICER C. PROFT (BADGE NO. 2966), SAN JOSE POLICE OFFICER ARCHER (BADGE NO. 3096), SAN JOSE POLICE OFFICER D'ARRIGO (BADGE NO. 3139), SAN JOSE POLICE OFFICER STRUNK (BADGE NO. 2626), SAN JOSE POLICE SERGEANT KNIEVES (BADGE NO. 3144), SAN JOSE POLICE DEPARTMENT, CITY OF SAN JOSE, AND DOES 1-200<br><br>Defendants. | Case No. 07CV3862 HRL<br><br>**JOINT CASE MANAGEMENT STATEMENT**<br><br>Date: May 23, 2008<br>Time: 10:30 a.m.<br>Dept.: Courtroom 3<br>Judge: Hon. J. Fogel |

Pursuant to Civil Local Rule 16-9, the parties to the above-entitled action hereby jointly submit this Case Management Conference Statement.

1. **Jurisdiction and Service:** This action alleges violations of the Federal Civil Rights Act (42 U.S.C. §1983) as well as state law claims for assault and battery, negligence, negligent supervision and training, and negligent infliction of emotional distress arising from the alleged use excessive use of force on plaintiff HINMAN, including but not

1

|   |   |
|---|---|
| 1 | limited to the use of a TASER by the Defendants on plaintiff's person.  Defendants deny |
| 2 | these allegations.  Accordingly, the court has jurisdiction over the claims pursuant to 28 |
| 3 | U.S.C. §1331.  Furthermore, the court has jurisdiction over the state law claims pursuant |
| 4 | to 28 U.S.C. §1367. |

2. **Facts:** Plaintiff's claims arise out of a request by plaintiff MIRRASOUL for a CIT (Crisis Intervention Team) officer to assist in getting her son HINMAN safely transported to EPS. Plaintiff HINMAN was met in his home by several San Jose Police Officers who were not part of CIT. HINMAN was detained by the defendant Officers and told he was going to jail and would get hurt if he tried to fight the officers. Plaintiff alleges during the times that he was detained, he was placed in a carotid restraint, thrown to the ground, kicked in the ribs and "tased" by the defendant officers. Plaintiffs allege that defendants use of force during said detention was excessive and unreasonable under the circumstances. Defendants deny these allegations and contend that any use of force on the plaintiff HINMAN by the defendant officers was reasonable under the circumstances.

3. **Legal Issues (Principal Factual/Legal Issues In Dispute):**

   a. **Principal Factual Issues Which the Parties Dispute.**

      i. Whether one or more defendant police officers used excessive force in any way.

      ii. The sufficiency of the training of officers of the San Jose Police Department as it pertains to the use of force and whether said training amounts to deliberate indifference by the named defendants ("<u>Monell</u> claim").

      iii. The conduct of the individual defendants during the subject event.

      iv. The conduct of the plaintiffs in relation to the events in question.

      v. The existence, cause and extent of plaintiffs' claimed damages.

   b. **The Principle Legal Issues Which the Parties Dispute.**

      i. The existence of and extent of qualified immunity or "good faith

2

|   |   |   |
|---|---|---|
| | | immunity" of the individual defendants. |
| | ii. | The existence and extent of immunity of the defendants under California Government Code Sections 810 through 996.6. |
| | iii. | The existence and extent of immunity of the defendant police officers under California Penal Code sections 836.5(a) and 836.5(b). |
| | iv. | Whether the defendant police officers acted in violation of the plaintiff's rights under 42 U.S.C. §1983. |
| | v. | Whether plaintiff's Fourth Amendment or other constitutional rights were violated by the defendants. |
| | vi. | Whether the defendant City of San Jose is liable under a Monell claim. |

4. **Motions**: No prior or pending motions.  Depending on information obtained from discovery, defendants may file a Motion For Summary Judgment at a later time.

5. **Amendment of Pleadings**: Plaintiff expects to dismiss defendant police officer Archer (Badge No. 3096).

6. **Evidence Preservation**: Plaintiffs took digital photographs of plaintiffs' claimed injuries at or near the time of the incident and has preserved them.  The parties certify that they have taken active measures to preserve evidence relevant to the issues of the matter.

7. **Disclosures**:  The parties certify that they will have exchanged their Rule 26 disclosures prior to the Case Management Conference.

8. **Discovery**: The defendants have taken the deposition of plaintiff Christopher Hinman. The parties are actively working to schedule the depositions of plaintiff Caroule Mirrasoul, non-party percipient witnesses and defendant officers.  The parties provide the following discovery plan:

   a. On or before **September 15, 2008**, all non-expert discovery shall be completed by the parties.  Any discovery requests pursuant to Rule 33-36 and 45 of the F.R.Civ. P. ll be served far enough in advance so that responses to written discovery, shall be due, as provided in the Rules, no later than the discovery completion date.  All depositions shall be concluded by the discovery completion date, unless the

parties stipulate otherwise and the Court approves said stipulation.

    b.    <u>EXPERT WITNESSES.</u>  The disclosure and discovery of expert witness opinions shall proceed as follows:

        i.    On or before **October 1, 2008**, plaintiff shall disclose expert testimony and reports in accordance with Rule 26(a)(2), F.R.Civ.P.

        ii.    On or before **October 15, 2008**, defendant shall disclose expert testimony and reports in accordance with Rule 26(a)(2), F.R.Civ.P.

        iii.    On or before **November 30, 2008**, all discovery of expert witnesses pursuant to Rule 26(b)(4), F.R.Civ.P shall be completed.

    c.    <u>PRETRIAL MOTIONS</u>.  All pretrial motions must be filed and served pursuant to Local Rule 7.  All pretrial motions shall be **heard** no later than **February 15, 2009**.

    d.    <u>PRETRIAL STATEMENTS.</u>  At a time convenient to both, counsel shall meet and confer to discuss preparation of a joint pretrial statement.

    e.    <u>PRETRIAL CONFERENCE</u>.  The final pretrial conference to be scheduled in or around **March 15, 2009**, depending on the schedule of the court.   Each party or lead counsel who will try the case shall attend personally.  Trial counsel shall be prepared to discuss all aspects of the suit and trial, including settlement.

    f.    <u>TRIAL DATE</u>.  The trial date shall be in or around spring 2009, depending on the court's schedule**.**   The trial will be a jury trial.

9.    **Class Actions:** N/A

10.    **Related Cases**: There are no known related cases or proceedings.

11.    **Relief**: Plaintiff is seeking money damages for physical injuries including but not limited to a broken jaw and severe bruising, emotional distress and trauma and mental anguish and related medical costs.  Special Damages will be shown according to proof.  Plaintiff is also seeking damages for Pain and suffering, as well as emotional distress and mental anguish, which will be shown according to proof.

12.    **Settlement and ADR**:  The parties participated in an  ENE session on May 14, 2008.

The matter did not resolve at the ENE session.

13. **Consent to Magistrate Judge For All Purposes**: The defendants declined to proceed before a magistrate judge. The parties have no objection to proceed before a magistrate judge for resolution of any discovery disputes.

14. **Other References:** N/A

15. **Narrowing of Issues:** As information becomes available through discovery, the parties will meet and confer to consider stipulations and other available sources to expedite the presentation of evidence.

16. **Expedited Schedule**: Due to the factually intensive nature of the claims in this matter, it is unlikely that this matter can be handled on an expedited basis. Furthermore, the parties have other matters that would make it unlikely that this case could proceed on an expedited basis.

17. **Scheduling**: See Discovery Schedule (8), above.

18. **Trial**: The parties are requesting a jury trial. The anticipated length of trial is approximately 5-7 days.

19. **Disclosure of Non-party Interested Entities or Persons**: Plaintiffs have not filed a "Certifications of Interested Entities or Persons." Although plaintiffs do not have information providing such at this time, they expect that Kaiser Permanente will have a financial interest in the outcome of the proceedings.

Dated: May 21, 2008

SAN JOSE CITY ATTORNEY

/S/ Michael Dodson
_____
Michael Dodson
Attorneys for Defendants

Dated: March 21, 2008

THE LAW OFFICE OF ANTHONY E. PAGKAS

/S/ Christopher J. D'Anjou
_____
Christopher J. D'Anjou
Attorneys for Plaintiffs